IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FINANCIALAPPS, LLC,<br><br>           Plaintiff,<br><br>    v.<br><br>ENVESTNET, INC. and<br>YODLEE, INC.,<br><br>           Defendants. | Civil Action No. 19-1337-CFC/CJB |

## **MEMORANDUM ORDER**

Defendants have filed an objection to the Magistrate Judge's Report and Recommendation issued on July 6, 2020 (D.I. 109). D.I. 110. Defendants "object to Footnote 2 of the Report and Recommendation and request that [I] dismiss each of [Plaintiff's] claims with prejudice to the extent [those claims] are preempted by the Copyright Act." D.I. 110 at 4.

**The Report and Recommendation**

The Magistrate Judge addressed in his Report and Recommendation Defendants' motion to dismiss the Complaint's claim for copyright infringement (Count VI) and eight state law claims (Counts III through V, VII through X, and

XIV). D.I. 109 at 24.[1] The eight state law claims are for misappropriation of trade secrets in violation of the Delaware Uniform Trade Secrets Act (Count II), fraud (Count III), tortious interference with prospective business opportunities (Count IV), unfair competition (Count V), violation of the Delaware Deceptive Trade Practices Act (Count VII), violation of the Florida Deceptive and Unfair Trade Practices Act (Count VIII), violation of the Illinois Deceptive Trade Practices Act (Count IX), violation of the California Business and Professions Code (Count X), and unjust enrichment (Count XIV).

Defendants argued in support of their motion that the copyright claim alleged in Count VI should be dismissed because Plaintiff failed to allege that it had a registered copyright. Defendants argued that the eight state law claims should be dismissed because they are preempted by § 301(a) of the Copyright Act and by the Uniform Trade Secrets Act.

---

[1] It is not clear from the Complaint that the copyright claim alleged in Count VI was brought under the Copyright Act codified in Title 17 of the United States Code. The Complaint alleges that this Court has federal question jurisdiction "because [Plaintiff] alleges a claim [in Count I] for violation of the federal Defend Trade Secrets Act of 2016, 18 U.S.C. § 1836." D.I. 2 ¶ 25. It further alleges that the Court has "an independent basis for subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 based on the diversity of citizenship of the parties and because the amount in dispute, excluding interests and costs, exceeds $75,000." *Id.* ¶ 26. The Complaint does not describe the copyright claim in Count VI as federal; nor does it cite any provision of Title 17. The parties and the Magistrate Judge, however, treated Count VI as a federal copyright claim brought under Title 17, and I will follow their lead.

Plaintiff did not respond to the merits of Defendants' argument that Count VI should be dismissed; instead, it requested that "[t]o the extent the Court dismisses Plaintiff's claim for copyright infringement, . . . such dismissal be without prejudice to Plaintiff's right to amend and replead this Count." D.I. 22 at 3 n.1. Accordingly, the Magistrate Judge recommended that I grant Defendants' motion with respect to Count VI and dismiss that count without prejudice. D.I. 109 at 5 n.1.

Before turning to the merits of Defendants' arguments about the remaining eight state law claims, the Magistrate Judge made this statement in footnote 2 of his Report:

> [C]ertain of Defendants' points regarding this second argument (i.e., the preemption argument) *necessarily contemplate that there is a claim for copyright infringement in the case.* As noted above, the Court is recommending the dismissal of the copyright claim in Count VI without prejudice. Despite this [recommendation], the Court will below address Defendants' arguments regarding copyright-related preemption issues. It does so partly for sake of completeness, as it is possible that there will be an objection to the Court's recommendation of dismissal of Count VI. It also does so because, as a practical matter, it appears likely that Plaintiff will later amend its pleading to re-add a copyright claim in a similar form to Count VII; in that event, the Court's decision would also provide helpful guidance for the parties in the future.

D.I. 109 at 5 n.2 (emphasis added).

3

With respect to the state law claims, the Magistrate Judge found that Plaintiff "did not respond substantively" to Defendants' arguments that the claim alleged in Count IX was preempted by the Copyright Act. Accordingly, the Magistrate Judge concluded that "this claim has been abandoned by Plaintiff" and recommended that I dismiss Count IX with prejudice. *Id.* at 22. The Magistrate Judge determined that none of the other state law claims were preempted by the Copyright Act and recommended that I deny Defendant's motion insofar as it sought dismissal of Counts III, IV, V, VII, VIII, X, and XIV. *Id.* at 15, 18, 19, 24.

**Defendants' Objection to Footnote 2**

Defendants object to the Magistrate Judge's statement in footnote 2 of the Report and Recommendation that their preemption arguments "necessarily contemplate that there is a claim for copyright infringement in the case." Because this statement could fairly be read to say that preemption exists under § 301(a) only if a party has pleaded a federal copyright claim, I will not adopt it.

Section 106 of the Copyright Act confers on the owner of a copyrighted work the exclusive rights to reproduce, adapt, publish, perform, and display the work. 17 U.S.C. § 106. Section 301(a) of the Act provides in relevant part that

> all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 in works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright as specified by sections 102 and 103 . . . are governed exclusively by this title.

4

17 U.S.C. § 301(a). As the Supreme Court has held, the "express objective" of § 301(a) is to "creat[e] national, uniform copyright law by broadly pre-empting state statutory and common-law copyright regulation." *Cmty. for Creative Non-Violence v. Reid*, 490 U.S. 730, 740 (1989) (citing 17 U.S.C. § 301(a)).

Limiting application of § 301(a) to cases where a plaintiff pleaded a federal copyright infringement claim under § 106 would defeat the very purpose of § 301(a). Such a rule would allow a plaintiff to plead only a common law copyright claim and thereby avoid § 301(a)'s mandate that copyright claims be exclusively governed by the Copyright Act. Accordingly, I will sustain Defendants' objection to Footnote 2.

**Defendants' Request to Dismiss Plaintiff's
<u>"Partially Preempted" Claims with Prejudice</u>**

According to Defendants, "the Magistrate Judge found that Counts 4, 5, 6, 8, 10, and 14 would be partially preempted." D.I. 110 at 1. Defendants argue that § 301(a) "preempts each of [Plaintiff's] state law claims to the extent th[ose] [claims] rely on allegations that fall within the scope of copyright" and that "[a]ccordingly, . . . [I] should dismiss [Plaintiff's] preempted claims—in whole or in part—with prejudice and without regard to the presence of an infringement claim." *Id.* at 4. I reject this argument for two reasons.

5

First, the factual premise of the argument is incorrect. The Magistrate Judge did not find that Counts IV, V, VI, VIII, X, and XIV would be partially preempted.[2] For starters, Count VI is a federal claim for copyright infringement, which is obviously not subject to preemption and which the Magistrate Judge recommended I dismiss for failure to allege a registered copyright. With respect to the other Counts in question, it is fair to say that dicta in the Report and Recommendation could be read to suggest that the Magistrate Judge believed that certain *facts* alleged in support of the claims in those Counts essentially amounted to allegations of copyright infringement; but the Magistrate Judge expressly concluded that the *claims* themselves were not preempted by the Copyright Act.

With respect to Count IV, the tortious interference claim, the Magistrate Judge found that the Complaint "listed" four "examples of [tortious interference with prospective business opportunities] conduct." D.I. 109 at 18. In the Magistrate Judge's view, Defendants' arguments that three of these four "*allegations* essentially amount" to copyright infringement "appear [to be] well-

---

[2] It is true that the Magistrate Judge stated in dicta that "[t]o the extent [Count IX] was not [abandoned]," he "agree[d] with Defendants that (for the reasons they articulated) the claim [alleged in that count] is preempted." D.I. 110 at 22. But this advisory opinion was not necessary to the Report and Recommendation, and the Magistrate Judge's recommendation that Count IX be dismissed with prejudice based on Plaintiff's abandonment of the claim has not been challenged. I will adopt the Magistrate Judge's recommendation to dismiss Count IX but will not adopt the advisory opinion that Count IX is preempted.

founded." *Id.* (emphasis added). The Magistrate found, however, that the fourth allegation "ma[d]e out a *claim* for tortious interference" and, therefore, "the *claim* [i.e. Count IV] should survive." *Id.* (emphasis added).

Consistent with the parties' briefing, the Magistrate Judge treated the unfair competition and deceptive trade practices claims alleged in Counts V, VII, VIII, and X in unison. The Magistrate found that these counts were based on factual allegations set forth in 10 bullet points in the Complaint and that "[t]hese *claims* should survive at this stage, as at least five of these 10 bullet points describe conduct that does not appear to be preempted by the Copyright Act . . . [and] because the essence of those [five] bullet points is not that Defendants stole copyrighted material." *Id.* at 19–20 (emphasis added). The Magistrate Judge concluded that "[f]or these reasons," the four claims alleged in Counts V, VII, VIII, and X "are not preempted by the Copyright Act." *Id.*

With respect to the last count in question, the Magistrate Judge found that "Plaintiffs' unjust enrichment claim in Count XIV alleges that Defendants have been unjustly enriched in three forms"—i.e., three sets of factual allegations that each describe a way in which Defendants were unjustly enriched. The Magistrate Judge further found that because Defendants "did not mention or cite" two of the alleged "forms," they "forfeited the argument that reference to these two alleged forms of enrichment are not sufficient to state a claim." *Id.* at 23. Based on these

7

findings, the Magistrate Judge recommended that I deny Defendants' motion to dismiss the single *claim* of unjust enrichment alleged in Count XIV. D.I. 109 at 24.[3]

Second, Defendants' contention that § 301(a) preempts state law claims to the extent those claims "rely on allegations that fall within the scope of copyright" is incorrect. A state law claim is preempted under § 301(a) only if it asserts a right that is "the equivalent" of one of the exclusive rights of reproduction, adaptation, publication, performance, and display afforded by § 106. In *Dun & Bradstreet Software Services, Inc. v. Grace Consulting, Inc.*, 307 F.3d 197, 217–19 (3d Cir. 2002), the Third Circuit endorsed the use of the so-called "extra element" test to determine whether the rights asserted in a state law claim are the equivalent of these exclusive rights. Under that test, "'if a state cause of action requires an extra element, beyond mere copying, preparation of derivative works, performance, distribution or display, then the state cause of action is qualitatively different from, and not subsumed within, a copyright infringement claim and federal law will not

---

[3] The Magistrate Judge also observed that "Plaintiff appears to (rightly) concede that an allegation [i.e., a claim] premised on the first form of alleged enrichment would be preempted." D.I. 109 at 24. I understand the Magistrate Judge to be saying in this sentence that *if* Plaintiff's unjust enrichment claim *had been* based *solely* on the first "form" or set of factual allegations, the Magistrate Judge *would have* deemed that claim to be preempted. Since Plaintiff's unjust enrichment claim was *not* based solely on the first "form," this dictum is of no moment and I will not adopt it.

8

preempt the state action.'" *Id.* at 217 (citing *Data Gen. Corp. v. Grumman Sys. Support Corp.*, 36 F.3d 1147, 1164 (1st Cir. 1994), *abrogated on other grounds by Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154 (2010)).

In this case, Defendants never identified, let alone discussed, in their briefing on their motion the elements of the claims they sought to dismiss. That failure by itself justifies denial of Defendants' motion to the extent it is based on the argument that the claims are preempted by § 301(a).

NOW THEREFORE, in Wilmington on this 25th day of August in 2020, IT IS HEREBY ORDERED that:

1. Defendants' objection (D.I. 110) is SUSTAINED IN PART AND OVERRULED IN PART.

2. The Magistrate's Report and Recommendation (D.I. 109) is ADOPTED IN PART AND REJECTED IN PART:

    a. The Report and Recommendation is ADOPTED insofar as it recommends that the Court grant in part and deny in part Defendants' motion to dismiss; and

    b. The Report and Recommendation is REJECTED insofar as it states that (1) preemption under 17 U.S.C. § 301(a) necessarily contemplates that there is a claim for copyright infringement in the case; (2) to the extent Count IX was not abandoned, it is preempted

under § 301(a); and (3) a claim premised on the "first form of alleged enrichment" in Count XIV would be preempted.

3. Defendants' Motion to Dismiss (D.I. 15) is GRANTED IN PART AND DENIED IN PART:

    a. The motion is GRANTED insofar as it seeks dismissal of Counts VI and IX; and

    b. The motion is DENIED insofar as it seeks dismissal of Counts III, IV, V, VII, VIII, X, and XIV.

4. Count VI of the Complaint is DISMISSED WITHOUT PREJUDICE.

5. Count IX of the Complaint is DISMISSED WITH PREJUDICE.

_____
UNITED STATES DISTRICT JUDGE