IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FINANCIALAPPS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 19-1337-CFC/CJB |
| | ) |
| ENVESTNET, INC. and | ) |
| YODLEE, INC., | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM ORDER**

Pending before me are Plaintiff's objections (D.I. 118) to the Magistrate Judge's Report and Recommendation issued on July 30, 2020 (D.I. 113). The Magistrate Judge recommended in his Report and Recommendation that I grant in part and deny in part Plaintiff's Motion to Dismiss Defendants' Counterclaims (D.I. 46). Specifically, the Magistrate Judge recommended that I grant the motion to dismiss Count One of the Counterclaims (for breach of contract) and deny the motion to dismiss the remaining three counts of the Counterclaims. I have reviewed the Report and Recommendation, the objections, and Defendants' response (D.I. 128).

The Magistrate Judge had the authority to make his findings and recommendation under 28 U.S.C. § 636(b)(1)(B). I review his findings and

recommendations de novo.  § 636(b)(1); see also Fed. R. Civ. P. 72(b)(3); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011).

**<u>The Fraudulent Inducement Counterclaim (Count Four)</u>**

Plaintiff objects first to "the Report's erroneous recommendation" that Plaintiff's motion to dismiss "be denied with respect to Defendants' fraudulent inducement claim insofar as it relates to the 2018 Amended and Restated MSA [i.e., Master Services Agreement]." D.I. 118 at 1.  The Magistrate Judge, however, did not recommend that the motion to dismiss this fraud counterclaim be denied "insofar as it relates to" the 2018 MSA.  He simply—and appropriately—recommended that I deny the motion to dismiss the counterclaim—period, full stop.  *See* D.I. 113 at 25 (recommending that the motion to dismiss be "denied with respect to Yodlee's counterclaim for fraud (Count Four)").

To be clear, Defendants alleged only one claim of fraudulent inducement—i.e, Count Four.  That claim is based on alleged statements by Plaintiffs that purportedly induced Defendants to enter both the 2018 MSA and the original, 2017 MSA.  D.I. 21 ¶¶ 42, 98, 99, 101, 102.[1]  Plaintiff's objection, like Defendants'

---

[1] Defendants state in their response that "Yodlee has always maintained that its fraud counterclaim relates only to the 2017 MSA."  D.I. 128 at 2.  Count Four, however, expressly alleges that Plaintiff made false statements that induced Yodlee to enter "the Contracts."  D.I. 21 ¶¶ 98, 99, 101, 102.  And "Contracts" is defined by the Counterclaims to include both the 2017 and 2018 MSAs.  *Id.* ¶ 42.

2

objection to a previous Report and Recommendation issued by the Magistrate in this case, *see* D.I. 137 at 6, conflates a *claim* with the *facts* alleged in support of that claim. Plaintiff does not dispute that Defendants alleged facts sufficient to sustain Count Four. Indeed, Plaintiff expressly states that it "does not object to [the Magistrate's] recommendation as it relates to the 2017 MSA." D.I. 118 at 4 n.2. What Plaintiff seemingly wants is either an advisory opinion that Count Four could not be sustained based solely on allegations relating to the 2018 MSA or an order striking from Count Four the allegations relating to the 2018 MSA. But like district court judges, magistrate judges are not tasked with issuing advisory opinions; and Plaintiff did not file a motion to strike. Accordingly, I will adopt the Magistrate Judge's recommendation that I deny the motion to dismiss the fraudulent inducement counterclaim.

**The Defamation Counterclaim (Count Three)**

Plaintiff next objects to the Magistrate Judge's recommendation that I deny the motion to dismiss Defendants' defamation counterclaim. According to the Counterclaims, the alleged defamatory statements were made by Plaintiff's counsel and reported in articles about this lawsuit posted on three websites directed to investment advisors. In each of the articles, which were attached to the Counterclaims as exhibits, counsel is quoted as stating that "[Defendants] have

3

deliberately stolen [Plaintiff's] technology, which is entirely unwarranted and unlawful." D.I. 21-5 at 4; D.I. 21-6 at 2; D.I. 27-1 at 3. In two of the articles, counsel is also reported to have said that "[w]e look forward to proving [in this case] that [Defendants] are liable for significant damages to our client, and persuading the court to issue a permanent injunction enjoining defendants from further unlawful activity." D.I. 21-5 at 4; D.I. 21-6 at 2.

The Magistrate Judge concluded that "the key language here ("[Defendants] have deliberately stolen [Plaintiff's] technology, which is entirely unwarranted and unlawful") sure reads as if it is a flat statement of fact, one that is subject to objective verification" and therefore is actionable for defamation without transgressing the First Amendment. D.I. 128 at 20. Plaintiff's sole objection to this conclusion is that "there is no question that an ordinary reader would, in context, understand the statement to be the [non-actionable] opinion of [Plaintiff's] counsel." D.I. 118 at 7.

Neither the Counterclaims nor the articles in question, however, provide clarity about the context in which the alleged defamatory statements were made. It is impossible to tell from the Counterclaims or the articles when the statements were made, to whom they made, or how they were made. The statements could have been made orally in response to media inquiries. But they also could have

4

been made as part of a written press release. The statements could have been made once or they could have been made on multiple occasions. It is possible that every time Plaintiff's counsel asserted that Defendants deliberately stole Plaintiff's technology, he immediately thereafter qualified the assertion by stating that "we look forward" to proving that assertion in court. But it is also reasonable to infer from one of the articles that counsel did not so qualify his assertion that Defendants stole Plaintiff's technology; and it would not be unreasonable to interpret that unqualified assertion as an assertion of fact.

For purposes of a Rule 12(b)(6) motion, I am required to assume that the allegations in the Counterclaims are true and to take those allegations in the light most favorable to Defendants. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Applying that standard here, I agree with the Magistrate Judge's finding that "it is at least plausible that the statement at issue can be construed as a provably false assertion of fact," D.I. 113 at 20. Accordingly, I will adopt the Magistrate Judge's recommendation that I deny the motion to dismiss Defendants' defamation claim.

**The Implied Covenant of Good Faith and Fair Dealing Claim (Count Two)**

Finally, Plaintiff objects to the Magistrate Judge's recommendation that I deny the motion to dismiss Count Two of Defendants' Counterclaims. Defendants allege in Count Two that Plaintiff "violated the implied covenant of

good faith and fair dealing by threatening to terminate the Contracts unless Yodlee paid the unsubstantiated amount demanded by [Plaintiff and by] then abruptly shutting off service to [Yodlee's] clients." D.I. 21 ¶ 87. Plaintiff argues that dismissal of this claim is required because it is duplicative of a breach of contract claim.

It is undisputed that under Delaware law (which the parties agree governs this claim) the implied covenant of good faith is inherent in every contract but does not apply to matters that are expressly addressed in the contract in question. *See* D.I. 118 at 8. Plaintiff argues that because the allegations underlying Count Two "concern[ ] termination of the 2017 and 2018 MSAs" and because the MSAs have provisions that "concern termination," Count Two addresses a matter that is expressly governed by the MSAs and therefore should be dismissed. D.I. 118 at 8–10. But the termination provisions of the MSAs cited by Plaintiff do not expressly bar, let alone address, the termination of service to Yodlee's *clients*; instead they address the termination of services to Yodlee itself, *see, e.g.,* D.I. 2-1 § 4(d). Thus, the allegations here fall into "that narrow band of cases where the contract as a whole speaks sufficiently to suggest an obligation and point to a result, but does not speak directly enough to provide an explicit answer." *Stewart v. BF Bolthouse Holdco, LLC*, 2013 WL 5210220, at 15 (Del. Ch. Aug. 30, 2013).

6

Accordingly, I agree with the Magistrate Judge's recommendation that I deny Plaintiff's motion to dismiss Count Two.

NOW THEREFORE, on this 15th day of September in 2020, IT IS HEREBY ORDERED that:

1. Plaintiff's Objections to the Magistrate Judge's Report and Recommendation (D.I. 118) are OVERRULED;

2. The Report and Recommendation (D.I. 113) is ADOPTED;

3. Plaintiff's motion to dismiss (D.I. 46) is GRANTED IN PART AND DENIED IN PART; and

4. Count I of Defendants' Counterclaim (D.I. 21) is DISMISSED WITHOUT PREJUDICE.

5. Defendants shall have until September 30, 2020 to file an amended complaint.

_____
UNITED STATES DISTRICT JUDGE