IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FINANCIALAPPS, LLC<br><br>Plaintiff,<br><br>v.<br><br>ENVESTNET, Inc. and YODLEE, Inc.<br><br>Defendants. | Civil Action No. 19-1337-GBW-CJB |

## MEMORANDUM ORDER

Plaintiff FinancialApps, LLC ("FinApps") alleges that Defendant Envestnet, Inc. ("Envestnet") and its subsidiary, Defendant Yodlee, Inc. ("Yodlee," and, collectively, "Defendants"), caused Yodlee to enter a Software License and Master Services Agreement (D.I. 2-1, Ex. 1, the "MSA") in order to gain access to and misappropriate FinApps's trade secrets. D.I. 2 ¶¶ 1, 220. The case was and remains referred to Magistrate Judge Christopher J. Burke "'to conduct all proceedings and hear and determine all motions[.]'" D.I. 437 (quoting D.I. 18). Pursuant to Judge Burke's Order of November 1, 2022, D.I. 438, the parties submitted a revised proposed scheduling order, D.I. 439-1. In a letter attached thereto, the parties dispute which claims that are brought by and counterclaims that are brought against Yodlee should be tried to a jury, if any. D.I. 439.

On January 14, 2021, the Court granted-in-part and denied-in-part a motion by Defendants to try this case to a bench trial, rather than a jury trial. D.I. 250 at 10. The Court explained that, while the MSA's jury trial waiver applied to FinApps's claims against Yodlee, the waiver did not apply to FinApps's claims against Envestnet, since Envestnet was not party to the MSA. D.I. 250 at 7-8. The Court expanded upon its ruling as follows:

> I have determined that it will be more efficient to ***first try FinApps's claims against Envestnet and then hold a bench trial of FinApps's claims against Yodlee***. I believe that efficiencies can be gained by providing the jury ***a special verdict form that will obtain findings for issues that necessarily must be decided to resolve the claims alleged against both defendants***. I will therefore ask the jury, for example, (1) whether the purported trade secrets and other confidential information alleged by FinApps to have been misappropriated are legally protectable and (2) whether Yodlee accessed, stole, misappropriated or otherwise violated any of the trade secrets, confidential information, or other legally protectable information identified by FinApps. The jury's answers to these questions could significantly narrow the issues that I would have to decide at a later bench trial.

D.I. 250 at 10 (emphases added).

The Complaint in this case, D.I. 2, sounds in 14 counts: Counts 1, 2, 4, 5, 6, 8, and 14 are brought against both Envestnet and Yodlee; Counts 3, 7, 10, 11, 12, and 13 are brought against Yodlee only; and Count 9 is brought against Envestnet only. The Court has dismissed Counts 6 and 9. D.I. 126. FinApps now asks that the Court try to a jury in Phase I counts brought against both Defendants (Counts 1, 2, 4, 5, 8, and 14) and Defendants' joint counterclaim against FinApps. D.I. 439-1 ¶ I.1(a). Defendants ask that the Court try to a jury Counts 1, 2, 4, 5, 8, and 14 as brought against Envestnet only, along with Envestnet's counterclaim against FinApps, and that the Court later try those same Counts brought against Yodlee in a bench trial. D.I. 439-1 ¶¶ I.1(b), II.1(b).

Consistent with the Court's prior ruling, FinApps's claims against Envestnet—and Envestnet's counterclaims against FinApps—will be tried to a jury in Phase I. Also, consistent with the Court's prior ruling, the Court will try to a jury "issues that necessarily must be decided to resolve the claims alleged against both defendants." D.I. 250 at 10. In Phase II, the Court will hold a bench trial on all of FinApps's claims against Yodlee and Yodlee's counterclaims against FinApps. Thus, the Court accepts Defendants' proposed language and rejects FinApps's proposed language. *See* D.I. 439-1 ¶¶ I.1(b), II.1(b).

2

The Court anticipates that the parties will have disagreements as to what special verdict questions must also be put to a jury in Phase I. Thus, the Court directs that Paragraph I.7. of the parties' proposed Supplemental Scheduling Order be amended as follows:

> 7. <u>Jury Instructions, Voir Dire, and Special Verdict Forms</u>.
> (a) [Insert existing language in Paragraph I.7.]
> (b) No later than sixty (60) days before the Pretrial Conference in this case, the parties shall jointly file a special verdict form that lists questions "that necessarily must be decided to resolve the claims alleged against both [D]efendants." D.I. 250 at 10. That list shall be referred to the Magistrate Judge for recommendations as to an appropriate list of such questions for the jury and, to the extent necessary, reasons therefore. After the Magistrate Judge issues such recommendations, the parties shall have seven (7) days to each separately file objections, not to exceed three (3) single-spaced pages, to such recommendations.

The parties shall, within seven (7) days, file a revised proposed Supplemental Scheduling Order that is consistent with the Court's ruling.

WHEREFORE, at Wilmington this 12th day of December, 2022, **IT IS HEREBY ORDERED** that:

1. The parties shall try all claims brought against and counterclaims brought by Envestnet to a jury, and the same jury shall provide findings for issues that necessarily must be decided to resolve the claims alleged against both Envestnet and Yodlee[1];

2. Thereafter, the parties shall try in a bench trial all claims brought against Yodlee; and

3. Within seven (7) days of this opinion, the parties shall jointly submit a revised proposed Supplement Scheduling Order consistent with this Memorandum Order.

GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE

---

[1] During the jury trial, FinApps will be permitted to present evidence regarding those claims that relate to both Envestnet and Yodlee, to the extent that evidence involves "issues that necessarily must be decided to resolve the claims alleged against both defendants."

3