# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FINANCIALAPPS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>ENVESTNET, INC.<br>and YODLEE, INC.,<br><br>Defendants. | C.A. No. 19-1337-GBW-CJB |

## SUPPLEMENTAL SCHEDULING ORDER

Pursuant to the Court's Memorandum Order (D.I. 250), Oral Order (D.I. 438), and Memorandum Order (D.I. 442), the following Scheduling Order supplements and replaces Paragraphs 11–16 of the Court's prior Scheduling Order (D.I. 28).

IT IS ORDERED that:

## PHASE I – JURY TRIAL

1. <u>Claims To Be Tried</u>. Pursuant to the Court's January 14, 2021 Memorandum Order, the jury trial "will address only FinApps's claims against Envestnet." (D.I. 250 at 11.) Accordingly, Phase I will include only: (1) Plaintiff's Counts 1, 2, 4, 5, 8, and 14, and these Counts will be tried against Envestnet only, and (2) Envestnet's Count 3 against Plaintiff. Pursuant to the Court's December 12, 2022 Memorandum Order, that "same jury shall provide findings for issues that necessarily must be decided to resolve the claims alleged against both Envestnet and Yodlee." (D.I. 442 at 2.)

2. <u>Daubert Motions</u>. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later

than **January 12, 2023**.[1] Briefing will be presented pursuant to the Court's Local Rules, with the exception that (1) opposition briefs shall be due on or before **March 2, 2023**, and (ii) reply briefs shall be due on or before **April 6, 2023**.

    3.    <u>Case Dispositive Motions</u>.

        (a)    All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before **January 6, 2023**. Briefing will be presented pursuant to the Court's Local Rules, with the exception that (1) opposition briefs shall be due on or before **February 24, 2023**, and (ii) reply briefs shall be due on or before **March 30, 2023**. No case dispositive motion under Rule 56 may be filed more than ten (10) days before the above date without leave of the Court.

        (b)    <u>Concise Statement of Facts Requirement</u>. Any motion for summary judgment shall be accompanied by a separate concise statement, not to exceed six (6) pages, which details each material fact which the moving party contends is essential for the Court's resolution of the summary judgment motion (not the entire case) and as to which the moving party contends there is no genuine issue to be tried. Each fact shall be set forth in a separate numbered paragraph and shall be supported by specific citation(s) to the record.

Any party opposing the motion shall include with its opposing papers a response to the moving party's concise statement, not to exceed six (6) pages, which admits or disputes the facts set forth in the moving party's concise statement on a paragraph-by-paragraph basis. To the extent a fact is disputed, the basis of the dispute shall be supported by specific citation(s) to the record. Failure to respond to a fact presented in the moving party's concise statement of facts shall

---

[1] In light of the extent to which expert opinions overlap, the parties agree that it would be most efficient to submit *Daubert* motions once, in Phase I, for all claims and counterclaims in the case.

indicate that fact is not in dispute for purposes of summary judgment. The party opposing the motion may also include with its opposing papers a separate concise statement, not to exceed four (4) pages, which sets forth material facts as to which the opposing party contends there is a genuine issue to be tried. Each fact asserted by the opposing party shall also be set forth in a separate numbered paragraph and shall be supported by specific citation(s) to the record.

The moving party shall include with its reply papers a response to the opposing party's concise statement of facts, not to exceed four (4) pages, on a paragraph-by-paragraph basis. Failure to respond to a fact presented in the opposing party's concise statement of facts shall indicate that fact remains in dispute for purposes of summary judgment.

(c) <u>Ranking of Summary Judgment Motions</u>. Any party that files more than one summary judgment motion shall number each motion to indicate the order in which the party wishes the Court to review its pending motions. The first motion the party wishes the Court to consider shall be designated #1, the second motion shall be designated #2, and so on. The Court will review the party's summary judgment motions in the order designated by the party. If the Court decides to deny a motion filed by the party, barring exceptional reasons determined *sua sponte* by the Court, the Court will not review any lower ranked summary judgment motions filed by the party.

4. <u>Applications by Motion</u>. Except as otherwise specified herein, any application to the Court shall be by written motion. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

5. <u>Motions *in Limine*</u>. Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to three (3) *in limine* requests, unless otherwise permitted by the Court. The *in limine*

3

request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three (3) pages of argument, may be opposed by a maximum of three (3) pages of argument, and the party making the *in limine* request may add a maximum of one additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three (3) page submission (and, if the moving party, a single one (1) page reply), unless otherwise ordered by the Court. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

6. Pretrial Conference. On **a date to be determined**, the Court will hold a pretrial conference in Court with counsel beginning at ___.m. The parties shall file with the Court the joint proposed final pretrial order in compliance with Local Rule 16.3(c) and the Court's Preferences and Procedures for Civil Cases not later than seven (7) days before the pretrial conference. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d)(l)-(3) for the preparation of the joint proposed final pretrial order. The Court will advise the parties at or before the above-scheduled pretrial conference whether an additional pretrial conference will be necessary.

The parties shall provide the Court two (2) courtesy copies of the joint proposed final pretrial order and all attachments. The proposed final pretrial order shall contain a table of contents and the paragraphs shall be numbered.

7. Jury Instructions, Voir Dire, and Special Verdict Forms.

(a) Where a case is to be tried to a jury, pursuant to D. Del. LR 47.l(a)(2) and 51.1 the parties should file: (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms seven (7) full days before the final pretrial conference.

This submission shall be accompanied by a courtesy copy containing electronic files of these documents, in Microsoft Word format, which may be submitted by e-mail to gbw_civil@ded.uscourts.gov.

    (b)  No later than sixty (60) days before the final pretrial conference in this case, the parties shall jointly file a special verdict form that lists questions "that necessarily must be decided to resolve the claims alleged against both [D]efendants." (D.I. 250 at 10.) That list shall be referred to the Magistrate Judge for recommendations as to an appropriate list of such questions for the jury and, to the extent necessary, reasons therefore. After the Magistrate Judge issues such recommendations, the parties shall have seven (7) days to each separately file objections, not to exceed three (3) single-spaced pages, to such recommendations.

  8. <u>Trial</u>.  This matter is scheduled for a ___ day jury trial beginning at 9:30 a.m. on **a date to be determined**, with the subsequent trial days beginning at 9:30 a.m.  Until the case is submitted to the jury for deliberations, the jury will be excused each day at 5:30 p.m.  The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

<b><u>PHASE II – BENCH TRIAL</u></b>

  1. <u>Claims To Be Tried</u>.  Pursuant to the Court's January 14, 2021 Memorandum Order, "FinApps waived its right to a jury trial of its claims against Yodlee."  (D.I. 250 at 9.) Accordingly, all of Plaintiff's remaining claims against Yodlee (Counts 1, 2, 3, 4, 5, 7, 8, 10, 11, 12, 13, and 14) will be tried to the bench in Phase II.  Likewise, all of Yodlee's counterclaims (Counts 1, 2, and 3) also will be tried as part of Phase II.

2. *Case Dispositive Motions*. Absent agreement between the parties, and prior approval from the Court, the Court will not hear case dispositive motions in cases proceeding to a bench trial.

3. *Applications by Motion*. Except as otherwise specified herein, any application to the Court shall be by written motion. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

4. *Motions in Limine*. Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to three (3) *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three (3) pages of argument, may be opposed by a maximum of three (3) pages of argument, and the party making the *in limine* request may add a maximum of one (1) additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three (3) page submission (and, if the moving party, a single one (1) page reply), unless otherwise ordered by the Court. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

5. *Pretrial Conference*. On **a date to be determined**, the Court will hold a pretrial conference in Court with counsel beginning at ___.m. The parties shall file with the Court the joint proposed final pretrial order in compliance with Local Rule 16.3(c) and the Court's Preferences and Procedures for Civil Cases not later than seven (7) days before the pretrial conference. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d)(l)-(3) for the preparation of the joint proposed final pretrial order.

The Court will advise the parties at or before the above-scheduled pretrial conference whether an additional pretrial conference will be necessary.

The parties shall provide the Court two (2) courtesy copies of the joint proposed final pretrial order and all attachments. The proposed final pretrial order shall contain a table of contents and the paragraphs shall be numbered.

6. <u>Trial</u>. This matter is scheduled for a ___ day bench trial beginning at 9:30 a.m. on **a date to be determined**, with the subsequent trial days beginning at 9:30 a.m. The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

*Christopher J. Burke*
The Honorable Christopher J. Burke
United States Magistrate Judge