IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FINANCIALAPPS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 19-1337-JLH-CJB |
| | ) |
| ENVESTNET, INC. and YODLEE, INC., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

1. Presently before the Court is a Report and Recommendation (D.I. 582) from U.S. Magistrate Judge Christopher J. Burke, which recommends that the Court grant Plaintiff FinancialApps, LLC's ("FinApps'") Motion for Summary Judgment on Defamation Counterclaim (D.I. 452). I have reviewed the objections by Defendant/Counterclaimant Envestnet, Inc. ("Envestnet") (D.I. 591) and Plaintiff's response (D.I. 601). For the reasons set forth below, the objections are overruled.

2. Envestnet argues that Judge Burke erred in (1) misapplying Illinois' innocent construction rule by considering the context of the articles that the allegedly defamatory statements appeared in (D.I. 591 at 2–5) and (2) failing to consider additional statements that were not expressly pleaded in Defendants' counterclaim (*id.* at 5–7). The Court reviews a magistrate judge's report and recommendation on a dispositive motion *de novo*. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1). The Court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those "that could affect the outcome" of the proceeding. *Lamont v. New Jersey*, 637 F.3d 177, 181 (3d Cir. 2011). "[A] dispute about a

material fact is genuine if the evidence is sufficient to permit a reasonable jury to return a verdict for the nonmoving party." *Id.* (internal quotation marks omitted).

3. Envestnet first argues that the Magistrate Judge misapplied the Illinois Supreme Court's holding in *Owen v. Carr*, 497 N.E.2d 1145 (Ill. 1986), because (according to Envestnet) the Illinois innocent construction rule does not apply to the article in which the allegedly defamatory statements appear unless the author of the article is one of the defendants. (D.I. 591 at 2.) Having reviewed the cited authorities, the Court is unpersuaded that the Magistrate Judge misapplied *Owen*. Moreover, the Court is persuaded that the Magistrate Judge correctly applied the innocent construction rule to Mr. Kasowitz's statements by considering the context of the articles in which the statements appeared.[1]

4. Second, Envestnet argues that the Magistrate Judge should have considered additional statements that were not expressly pleaded in the counterclaim. (D.I. 591 at 5–7.) The parties do not dispute that, as a matter of Illinois substantive law, a defamation plaintiff is required to plead with sufficient particularity the statements underlying its defamation claim. (D.I. 582 at 4 n.2.) *See Green v. Rogers*, 917 N.E.2d 450, 459 (Ill. 2009) (explaining that "although a complaint for defamation *per se* need not set forth the allegedly defamatory words *in haec verba*, the substance of the statement must be pled with sufficient precision and particularity so as to permit initial judicial review of its defamatory content [and] so that the defendant may properly

---

[1] Envestnet cites other cases in its objection that it contends stand for the proposition that the underlying statements must be analyzed separately from the articles. (D.I. 591 at 3–5.) Two of the cases were not cited to the Magistrate Judge, which may be reason enough not to consider them. *Wilson Wolf Mfg. Corp. v. Sarepta Therapeutics, Inc.*, No. 19-2316-RGA, 2021 WL 7412302, at *1 (D. Del. Feb. 2, 2021) ("An Objection to the recommendation of a Magistrate Judge is not the place to be making new arguments or providing new, although previously available, authorities."). Even so, the cited cases do not demonstrate that the Magistrate Judge employed the wrong analysis.

formulate an answer and identify any potential affirmative defenses"); *DeVooght v. Unity Point Health*, No. 4:18-cv-04197, 2019 WL 13116342, at *3 (C.D. Ill. Aug. 9, 2019) (explaining that "[f]ederal courts charged with evaluating defamation per se claims [under Illinois law] . . . require plaintiffs to plead the allegedly defamatory statement with precision and particularity" because it is "consider[ed] an aspect of substantive Illinois law, which federal courts sitting in diversity must apply"). The parties do dispute whether Envestnet sufficiently pleaded the three additional statements, even though they weren't quoted in its counterclaim. I agree with the Magistrate Judge that Envestnet did not. As the Magistrate Judge put it, the pleading "does not mention . . . nor even hint at" the three additional statements. (D.I. 582 at 4 n.2.) Envestnet points out that courts can look at evidence outside the pleadings at the summary judgment stage. (D.I. 591 at 6–7.) Of course that's true, but it's beside the point. The pleading defines the scope of the defamation claim. The three additional statements weren't pleaded, so the Magistrate Judge did not err in declining to consider them.

5.   Envestnet's objections to the Report and Recommendation (D.I. 591) are OVERRULED. The Report and Recommendation (D.I. 582) is ADOPTED. FinApps' Motion for Summary Judgment on Defamation Counterclaim (D.I. 452) is GRANTED.

September 26, 2024

_____
JENNIFER L. HALL
UNITED STATES DISTRICT JUDGE

3