IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FINANCIALAPPS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  C.A. No. 19-1337-JLH-CJB |
| | ) |
| ENVESTNET, INC. and YODLEE, INC., | ) |
| | ) |
| Defendants. | ) |

**<u>MEMORANDUM ORDER</u>**

1. Presently before the Court is a 33-page Report and Recommendation (D.I. 585) from U.S. Magistrate Judge Christopher J. Burke, which recommends that the Court grant-in-part and deny-in-part Defendant Envestnet, Inc.'s ("Envestnet's") Motion for Summary Judgment No. 1 (D.I. 446). Envestnet's motion requests summary judgment on Plaintiff FinancialApps, LLC's ("FinApps'") Counts 1, 2, 4, 5, 8, and 14. I have reviewed the objections by Defendant Envestnet, Inc. ("Envestnet") (D.I. 597) and FinApps' response (D.I. 602). For the reasons summarized below, the objections are overruled.

2. As an initial matter, neither side objected to Judge Burke's recommendation that Envestnet be granted summary judgment on FinApps' Count 14. Finding no clear error on the face of the record, the Court adopts Judge Burke's recommendation regarding Count 14.

3. The Court reviews the objected-to portions of a magistrate judge's report and recommendation on a dispositive motion *de novo*. Fed. R. Civ. 72(b)(3); 28 U.S.C. § 636(b)(1). The Court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those "that could affect the outcome" of the proceeding. *Lamont v. New*

*Jersey*, 637 F.3d 177, 181 (3d Cir. 2011).  "[A] dispute about a material fact is genuine if the evidence is sufficient to permit a reasonable jury to return a verdict for the nonmoving party." *Id.*

4. Counts 1 and 2 allege misappropriation of trade secrets under federal and state law. The Magistrate Judge recommended that Envestnet's request for summary judgment be denied as to Counts 1 and 2 because he concluded that there were disputes of material fact regarding direct liability by Envestnet and disputes of material fact regarding whether Envestnet is vicariously liable for the acts of co-Defendant Yodlee, Inc.  As for the Magistrate Judge's conclusion that there is a dispute of material fact as to direct liability on Counts 1 and 2, Envestnet argues that the Magistrate Judge was wrong to attribute the actions of certain individuals to Envestnet.  Envestnet focuses on two problems it sees: (1) that the Magistrate Judge misapplied *United States v. Bestfoods*, 524 U.S. 51 (1998); and (2) that the Magistrate Judge did not focus on wrongful acts. The Magistrate Judge explained the legal principal set forth in *Bestfoods* as follows:

> In these circumstances, the Supreme Court has noted that it is a "well established principle" that such directors and officers "can and do change hats to represent the two corporations separately, despite their common ownership." [*Bestfoods*, 524 U.S. at 69] (internal quotation marks and citation omitted); *see also Pearson v. Component Tech. Corp.*, 247 F.3d 471, 484 (3d Cir. 2001) ("[M]ere ownership of a subsidiary does not justify the imposition of liability on the parent. . . . Nor will liability be imposed on the parent corporation merely because directors of the parent corporation also serve as directors of the subsidiary."). Accordingly, "courts generally presume that the directors are wearing their subsidiary hats and not their parent hats *when acting for the subsidiary*," and it is error to automatically "attribut[e] the actions of dual officers and directors to the corporate parent" in order to impose direct liability on the parent. *Bestfoods*, 524 U.S. at 69-70 (internal quotation marks and citations omitted) (emphasis added). Instead, a plaintiff must put forth evidence to the contrary (i.e., that the dual officer was acting *for the parent* when engaging in the wrongful misconduct) in order to rebut the presumption. *Id.* at 64, 69-70; *Pearson*, 247 F.3d at 487 (explaining that parents may be directly liable for their subsidiaries' actions when the parent "has forced the subsidiary to take the complained-of action, in disregard of the subsidiary's distinct legal

>  personality"); *see also, e.g., Pennington v. Fluor Corp.*, 19 F.4th 589, 598 (4th Cir. 2021) (explaining that the direct liability test is "a narrow test, one that is designed to apply in the unusual case where a company commits a wrongful act through the legal form of a distinct entity"); *In re Maxus Energy Corp.*, 617 B.R. 806, 818 (Bankr. D. Del. 2020).

(D.I. 585 at 15–16.)  After engaging in a lengthy and thorough analysis of the evidence of record, the Magistrate Judge found a dispute of material fact regarding whether individuals were acting for Envestnet when they engaged in acts that allegedly constituted wrongful trade secret misappropriation.  (*Id.* at 21.)  I have reviewed *de novo* the Report and Recommendation, and I agree with the Magistrate Judge.

5.  As for the Magistrate Judge's conclusion that there is a dispute of material fact as to vicarious liability on Counts 1 and 2, Envestnet argues that the Magistrate Judge erred by (1) concluding that there were disputes of material fact regarding the structure and relationship between Envestnet and Yodlee, (2) determining that vicarious liability was an issue for the jury, and (3) determining that Envestnet waived its argument (by asserting it for the first time in its Reply Brief) that it is entitled to summary judgment because a showing of fraud or injustice is required for agency liability.  As for (1), upon *de novo* review of the Report and Recommendation, which describes the evidence of record in detail, I agree with the Magistrate Judge that there is a genuine dispute of fact on the issue of whether there was an agency relationship that would support vicarious liability.  As for (2), Envestnet argues that "[v]eil-piercing is an equitable remedy" the Court "must decide."  (D.I. 597 at 4.)  There are a number of problems with that argument.  First, the case Envestnet cites for the legal proposition, *Sonne v. Sacks*, 314 A.2d 194, 196 (Del. 1973), does not appear to have involved agency liability, unlike this case.  Second, even if Envestnet is correct about the legal proposition, there is still a dispute of material fact on the issue of vicarious liability that precludes the Court from granting summary judgment.  Third, the record reflects that

3

Envestnet never made the argument to the Magistrate Judge, and the Court will not consider arguments not previously raised. As for (3), the Court finds no error in the Magistrate Judge's conclusion that Envestnet waived its argument that it is entitled to summary judgment on the basis that FinApps failed to make the requisite showing of fraud or injustice. (D.I. 585 at 5 n.2.)

6. Count 4 alleges tortious interference with prospective business opportunities. Envestnet makes the same arguments regarding the absence of evidence to support direct or vicarious liability on the part of Envestnet. Having reviewed *de novo* the Report and Recommendation, which discusses the evidence of record at length, I reject those arguments for the same reasons set forth above. Envestnet also argues that the Magistrate Judge erred in concluding that there was a dispute of material fact regarding the existence of a potential business relationship evidenced by an actual and identifiable understanding or agreement which would have been completed if the defendant had not interfered. The Magistrate Judge acknowledged that this was "a difficult issue." (D.I. 585 at 26.) But I do not disagree with his ultimate conclusion that, when the evidence is viewed in the light most favorable to FinApps, there is a dispute of material fact that precludes summary judgment.

7. Counts 5 and 8 allege unfair competition under common law and the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), respectively. Envestnet makes the same arguments regarding the absence of evidence to support direct or vicarious liability on the part of Envestnet. Having reviewed the Report and Recommendation *de novo*, I reject those arguments for the same reasons set forth above.

8. Envestnet's objections to the Report and Recommendation (D.I. 597) are OVERRULED. The Report and Recommendation (D.I. 585) is ADOPTED. Envestnet's Motion for Summary Judgment No. 1 (D.I. 446) is GRANTED-IN-PART and DENIED-IN-PART as

follows: Envestnet's motion for summary judgment is GRANTED with respect to Count 14; Envestnet's motion for summary judgment is DENIED with respect to Counts 1, 2, 4, 5, and 8.

September 26, 2024

_____
JENNIFER L. HALL
UNITED STATES DISTRICT JUDGE