IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FINANCIALAPPS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 19-1337-JLH-CJB |
| | ) |
| ENVESTNET, INC. | ) |
| and YODLEE, INC., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**MEMORANDUM ORDER**

At Wilmington, this 30th day of December 2025:

WHEREAS, on August 7, 2025, Special Master Chad S.C. Stover issued a Report & Recommendation (D.I. 681 ("R&R")), which recommended that the Court (1) grant-in-part Plaintiff FinancialApps, LLC's ("FinancialApps's") Motion for Finding of Spoliation and for Sanctions (D.I. 612) with respect to the Papertrail ESI; (2) deny the remainder of FinancialApps's Motion; and (3) deny Defendants Envestnet, Inc.'s ("Envestnet's") and Yodlee, Inc.'s ("Yodlee's") Motion for Finding of Spoliation and for Sanctions (D.I. 657);

WHEREAS, on August 28, 2025, Defendants filed Objections to the R&R (D.I. 684, 685), arguing that Special Master Stover erred in (1) finding that Defendants deleted the Papertrail ESI with the intent to deprive; (2) concluding that sanctions may be imposed against Defendant Envestnet with respect to the destruction of the Papertrail ESI; and (3) declining to "preclude [Plaintiff's] testimony about the Dye NDA";

WHEREAS, on September 11, 2025, Plaintiff responded to Defendants' Objections (D.I. 689);

WHEREAS, Plaintiff did not file objections to the R&R;

WHEREAS, the Court has reviewed Defendants' Objections to the R&R de novo, and the Court concludes that the Objections should be overruled, and the R&R should be adopted, for the reasons stated by Special Master Stover;

NOW, THEREFORE, for the reasons stated below, Defendants' Objections to the R&R (D.I. 684) are OVERRULED, the R&R (D.I. 681) is ADOPTED, Plaintiff's Motion for Finding of Spoliation and for Sanctions (D.I. 612) is GRANTED-IN-PART with respect to the Papertrail evidence and is otherwise DENIED, and Defendants' Motion for Finding of Spoliation and for Sanctions (D.I. 657) is DENIED.

1. The Court agrees with the R&R that sanctions are appropriate for Defendants' destruction of the Papertrail evidence. As an initial matter, Defendants have not challenged the R&R's finding that the Papertrail evidence is highly relevant to the claims and defenses in this case. As Special Master Stover explained,

> [a]s indicated by the name "Papertrail," the logs were relevant to FinancialApps's trade secret misappropriation claims. *See* https://www.merriam-webster.com/sentences/paper%20trail ("They covered up the fraud and were careful not to leave a paper trail."). The Papertrail logs would have shown who from Defendants accessed the Risk Insight software and the history of what they were doing during the exact timeframe when Defendants were developing their competing product. If, as FinancialApps alleges, Defendants were misusing Risk Insight to develop their competing software product, the Papertrail logs would have likely been some of the best evidence of that misuse. Yet if, as Defendants allege, their use of the Risk Insight software was permitted by the parties' agreement and they did nothing improper, the logs likely would have been exculpatory. Defendants do not contest the relevance of the Papertrail ESI.

(R&R at 13.)

2. Moreover, having reviewed the record, I agree that Plaintiff has proven Defendants' intent to deprive, for the reasons stated by Special Master Stover. Defendants raise three

challenges to that finding. First, Defendants argue that "'circumstantial evidence alone'—that is with no direct evidence—'is an insufficient basis on which to find that the non-moving party acted with intent to spoliate.'" (D.I. 684 at 2 (citing *Carty v. Steem Monsters Corp.*, No. 20-5585, 2022 WL 17083645, at *4 (E.D. Pa. Nov. 18, 2022)) (emphases removed).) I disagree. The state of mind with which one's opponent acts usually cannot be proven directly, as one cannot read their opponent's mind and tell what he or she is thinking. Intent is commonly proven with circumstantial evidence (even in the criminal law, which has a higher burden of proof). Second, Defendants argue that the evidence is insufficient to demonstrate bad faith. But I agree with Special Master Stover that the evidence—including the fact that Defendants made a deliberate decision to destroy a highly relevant data source called "Papertrail" six days after Defendants were sued, notwithstanding that the monthly cost to preserve the data was negligible—supports a finding of intent to deprive. Third, Defendants argue that the evidence showed that the cancellation of Papertrail was done to reduce costs. The R&R found otherwise, and I do too.

3.  Defendants next argue that "[t]here is no basis to levy any sanction against Envestnet." (D.I. 684 at 4.) I disagree, for the reasons explained by Special Master Stover. To be clear, Defendant Envestnet is not subject to the sanction because it owns Defendant Yodlee (as the R&R accurately pointed out). Rather, Envestnet is subject to the sanction because it was involved in the decision to destroy the Papertrail evidence. *See* Fed. R. Civ. Proc. 37(e) (authorizing sanctions where a "party failed to take reasonable steps to preserve" evidence).

4.  As to the appropriate sanction to impose for the destruction of the Papertrail evidence, Defendants have not objected to Special Master Stover's assessment of Federal Rule of Civil Procedure 37(e) or the relevant factors set forth by the Third Circuit. (*See* R&R at 20–21 (citing Fed. R. Civ. P. 37(e); *GN Netcom, Inc. v. Plantronics, Inc.*, 930 F.3d 76, 82 (3d Cir. 2019)).)

I agree that the appropriate remedy is to permit evidence of the spoliation to be presented at trial and permit (but not require) the factfinder to presume that the Papertrail evidence would have been unfavorable to Defendants. The parties shall meet and confer and submit a proposed jury instruction on or before the deadline to submit jury instructions.

5. The Court next turns to Defendants' challenge to Special Master Stover's recommendation not to impose sanctions for Plaintiff's "loss" of the Dye NDA. (D.I. 684 at 8–10.) Having reviewed the record and arguments de novo, I agree with the R&R that the record does not demonstrate that Plaintiff lost or destroyed the Dye NDA intentionally or in bad faith. Defendants' real argument seems to be that the Dye NDA never really existed. Defendants may be right about that, but, as the R&R recognized, that is not a reason to impose sanctions for destruction of evidence. Defendants are free to raise questions about the existence of the Dye NDA at trial through the presentation of evidence and argument. But Defendants have not shown that spoliation sanctions are appropriate.

IT IS FURTHER ORDERED that on or before January 20, 2026, the parties should meet and confer and file a joint status report setting forth their position(s) on how this case should proceed.

```
                                      _____
                                      The Honorable Jennifer L. Hall
                                      UNITED STATES DISTRICT JUDGE
```